# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**REGINA HUBBELL,**

    **Plaintiff,**

v.

    Civil Action 2:17-cv-807
    Judge Algenon L. Marbley
    Magistrate Judge Elizabeth P. Deavers

**NCR CORPORATION,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion to Stay Discovery. (ECF No. 15.) For the reasons that follow, Defendant's Motion is **GRANTED**.

## I.

In September 2017, Plaintiff filed her Complaint alleging that Defendant discriminated against her on the basis of sex. (ECF No. 1 at 1.) On November 10, 2017, Defendant filed its Motion to Dismiss Plaintiff's Complaint and Compel Arbitration. (ECF No. 3.) In its Motion to Dismiss, Defendant asserts that Plaintiff entered into a "Mutual Agreement to Arbitrate All Employment Related Claims," which divests this Court of jurisdiction to hear Plaintiff's claims. On February 2, 2018, Defendant filed the instant motion seeking a stay of discovery pending the Court's disposition of its Motion to Dismiss and Compel Arbitration. (ECF No. 15.)

## II.

Having reviewed Defendant's Motion to Stay and the pending Motion to Dismiss and Compel Arbitration, the Court is persuaded that a temporary stay of discovery pending resolution of Defendant's Motion to Dismiss and Compel Arbitration is warranted.

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth–Ayerst Labs., Inc.,* No. 1:01-cv-447, 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). The Court, however, "'must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay.'" *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977)). In deciding whether to grant a stay, courts commonly consider factors such as: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court. *Grice Eng'g, Inc. v. JG Innovs., Inc.,* 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

### III.

Courts recognize a strong presumption in favor of arbitration. *Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 396 (6th Cir. 2014). Should Defendant prevail in compelling arbitration, it will be protected from the expense of litigation in this Court. "The arbitrability of a dispute similarly gives the party moving to enforce an arbitration provision a right not to litigate the dispute in a court and bear the associated burdens." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004). The burden of litigation includes not just time and financial resources, but also the possible disclosure of sensitive information.

> [A]llowing discovery to proceed could alter the nature of the dispute significantly by requiring parties to disclose sensitive information that could have a bearing on

the resolution of the matter. If we later hold that the claims were indeed subject to mandatory arbitration, the parties will not be able to unring any bell rung by discovery, and they will be forced to endure the consequences of litigation discovery in the arbitration process.

*Levin v. Alms & Associates, Inc.*, 634 F.3d 260, 265 (4th Cir. 2011). This is particularly true when, as here, the federal rules would compel discovery otherwise not permitted by the discovery rules in arbitration. (*See* ECF No. 3-2 at 6 (setting forth permissible discovery under the parties' arbitration agreement).)

Additionally, although the case has been in this Court since September 2017, it is still in its procedural infancy and has been stayed several months already. (ECF No. 11.) A further, brief stay pending resolution of Defendant's Motion to Dismiss and Compel Arbitration will not prejudice Plaintiff and may prevent serious prejudice to Defendant should it succeed in compelling arbitration.

**IV.**

In sum, the Court finds that Defendant has carried its burden to show that a limited stay of discovery is appropriate under the circumstances presented in this case. The Court, therefore, exercises its discretion to conclude that a temporary stay pending resolution of Defendant's Motion to Dismiss and Compel Arbitration is warranted. *Ferrell,* 2005 WL 2709623, at *1. Defendants' Joint Motion to Stay Discovery is **GRANTED**. (ECF No. 15.)

**IT IS SO ORDERED.**

Date: April 5, 2018               /s/ *Elizabeth A. Preston Deavers*
                                  ELIZABETH A. PRESTON DEAVERS
                                  UNITED STATES MAGISTRATE JUDGE