IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| REGINA HUBBELL : | |
| : | Case No. 2:17-cv-807 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| NCR CORPORATION, : | |
| : | |
| **Defendant.** : | |

## OPINION AND ORDER

This matter comes before the Court on Defendant NCR Corporation's ("NCR") Motion to Dismiss Plaintiff's Complaint and Compel Arbitration (ECF No. 3). For the reasons set forth below, the Court **GRANTS IN PART** Defendant's Motion and compels arbitration.

## I. BACKGROUND

Plaintiff Regina Hubbell worked as a Customer Engineer II for Defendant NCR from August 2016 to April 2017. (ECF No. 1 at ¶ 1). Ms. Hubbell was the only woman on her team at NCR. (ECF No. 8-1 at ¶ 3). She alleges that while employed at NCR, she was denied training to perform her job duties, while male employees received adequate training. (*Id.* at ¶ 8). She further alleges that she was disciplined and ultimately terminated for allegedly not meeting work performance requirements, while male employees who failed to meet the requirements were not terminated. (*Id.*). Finally, Ms. Hubbell alleges that as a result of reporting the discrimination she was facing to her employer, she was retaliated against. (*Id.* at ¶ 17).

Prior to beginning her employment with NCR, Ms. Hubbell was required to complete numerous online documents. (ECF No. 8-1 at ¶ 2). Among the online documents Ms. Hubbell

signed is a "Mutual Agreement to Arbitrate All Employment Related Clams" ("Arbitration Agreement") (ECF No. 8-2). The Arbitration Agreement reads in relevant part:

> [I]n the unlikely event an employment related dispute arises which cannot be resolved informally, and given our mutual desire to establish a speedy, impartial and cost effective way to solve disputes, we mutually agree that, instead of going to court or a jury, we will submit the unresolved matter to final and binding arbitration.
>
> This agreement to arbitrate includes every possible claim . . . arising out of or relating in any way to my employment. This includes but is not limited to all claims for any form of illegal discrimination under state or federal law, improper or unfair treatment or dismissal, and all tort claims. I understand that while I still have the right to file a discrimination charge with a state or federal agency, I will submit the final resolution of any discrimination claim to an arbitrator instead of a court or jury.

*Id.* The Arbitration Agreement further states that "[a]ny issue or dispute concerning the interpretation or enforceability of this Agreement shall be resolved by the arbitrator." *Id.*

Ms. Hubbell filed a discrimination claim with the Equal Employment Opportunity Commission and received a Notice of Right to Sue on June 22, 2017. (ECF No. 1 at ¶¶ 5, 6). On September 13, 2017, she filed the instant action. (ECF No. 1). NCR filed its Motion to Dismiss and Compel Arbitration on November 10, 2017. (ECF No. 3). The Motion is fully briefed and ripe for decision.

## II. LAW AND ANALYSIS

Under the Federal Arbitration Act ("FAA"), arbitration contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If a party who signed an arbitration contract fails or refuses to arbitrate, the aggrieved party may petition the court for an order directing the parties to proceed in arbitration in accordance with the terms of an arbitration agreement. 9 U.S.C. § 4. The Court must then "determine whether the parties agreed to arbitrate the dispute at issue." *Ackison Surveying, LLC v. Focus Fiber Sols., LLC*, No. 2:15-CV-02044, 2016 WL 4208145, at *1 (S.D. Ohio Aug. 10, 2016) (citing *Stout v. J.D. Byrider*, 228 F.3d 09, 714 (6th Cir. 2000)).

2

Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Id.* at *1. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). In evaluating motions to compel arbitration, "courts treat the facts as they would in ruling on a summary judgment motion, construing all facts and reasonable inferences that can be drawn therefrom in light most favorable to the non-moving party." *Jones v. U-Haul Co. of Massachusetts & Ohio Inc.*, 16 F. Supp. 3d 922, 930 (S.D. Ohio 2014). The court has four tasks:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

Here, NCR moves the Court to dismiss the Complaint and compel arbitration, pointing to the Arbitration Agreement Ms. Hubbell signed electronically. (ECF No. 3-1). In opposing NCR's motion, Ms. Hubbell does not challenge any of the four *Stout* factors.[1] Instead, Ms. Hubbell argues that the Arbitration Agreement is unenforceable because it is unconscionable. (ECF No. 8). Specifically, she contends that the Arbitration Agreement is procedurally unconscionable because signing it was a condition of employment and the parties had unequal

---

[1] The Court agrees that the *Stout* factors are satisfied here. First, NCR and Ms. Hubbell agreed to arbitrate future disputes as evidenced by the Arbitration Agreement. (ECF No. 8-2) ("[W]e mutually agree that, instead of going to court or a jury, we will submit the unresolved matter to final and binding arbitration."). Second, the scope of the agreement covers the claims at issue here, as the Arbitration Agreement plainly states "all claims for any form of illegal discrimination under state or federal law" are covered. *Id.* Third, the Sixth Circuit has specifically stated that Title VII discrimination claims are arbitrable. *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 499 (6th Cir. 2004) ("Indeed, Title VII claims may be subjected to binding arbitration"). In regards to the fourth factor, all of the claims are subject to arbitration.

bargaining power. (*Id.* at 4). She argues that the Arbitration Agreement is substantively unconscionable because it limits fact depositions to two individuals and additional depositions are not permitted unless the arbitrator finds a "compelling need" and it is impossible to conduct a fair hearing without them. (*Id.* at 6). In response to Ms. Hubbell's unconscionability arguments, NCR contends that the arbitrator, not this Court, must resolve her unconscionability claim. (ECF No. 14 at 2-3). NCR is correct.

In *Rent-A-Center, West, Inc. v. Jackson*, the Supreme Court held that under the FAA, a district court may not decide a claim that an arbitration agreement is unconscionable, where the agreement explicitly assigns that decision to the arbitrator. 561 U.S. 63, 75 (2010). In that case, Jackson filed an employment-discrimination suit in district court, and his former employer, Rent-A-Center, filed a motion under the FAA to dismiss or stay the proceedings and to compel arbitration. *Id.* at 65. Jackson opposed the motion, arguing that the Mutual Agreement to Arbitrate Claims ("Agreement") he signed as a condition of his employment with Rent-A-Center was unenforceable because it was unconscionable. *Id.* at 65-66. The Agreement contained a "delegation provision" that stated:

> The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable.

*Id.* at 66, 68. The Supreme Court held that the delegation provision was valid under § 2 of the FAA, and found that "unless Jackson challenged the delegation provision specifically, we must treat it as valid under § 2, and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator." *Id.* at 72.

The *Jackson* Court then found that Jackson challenged only the validity of the contract as a whole, and did not mention the delegation provision specifically anywhere in his opposition to

4

the motion to compel arbitration. *Id.* at 72. The Court turned to Jackson's specific unconscionability arguments—that the contract was procedurally unconscionable because it was imposed as a condition of employment and that it was substantively unconscionable in part because of discovery limitations—and found that it need not even consider the procedural unconscionability argument because none of Jackson's substantive unconscionability challenges was specific to the delegation provision. *Id* at 73-74.

In analyzing the argument regarding the discovery limitations, the Court noted it would have to consider the unconscionability argument if Jackson challenged the delegation provision by arguing that the discovery limitations "*as applied* to the delegation provision rendered *that provision* unconscionable." *Id.* at 74 (emphasis in original). The Court found that such an argument would be "a much more difficult argument to sustain than the argument that the same limitation renders arbitration of his factbound employment-discrimination claim unconscionable." *Id.* Because Jackson did not even attempt to make any arguments specific to the delegation provision, however, the Court found that the delegation provision was valid and that the arbitrator, not the court, must resolve the challenges to the validity of the Agreement. *Id.*

So too here. Just as in *Jackson*, Ms. Hubbell argues that the Arbitration Agreement is procedurally unconscionable because it was a condition of employment and non-negotiable. This Court need not address her substantive unconscionability argument, however, because none of her procedural unconscionability arguments specifically mentions the delegation provision. Ms. Hubbell's entire argument regarding the discovery limitations focuses on her actual employment discrimination claim—she contends that four to nine individuals would need to be deposed at a minimum in order for her to explore properly her underlying discrimination claim. (ECF No. 8 at 6). She makes no argument, and indeed it would be "a much more difficult

5

argument to sustain", that the two deposition limit is unconscionable as applied to the delegation provision. *Jackson*, 561 U.S. at 74.

At bottom, Ms. Hubbell agreed that "[a]ny issue or dispute concerning the interpretation or enforceability of this Agreement shall be resolved by the arbitrator." (ECF No. 8-2). Because she does not challenge that provision specifically, the dispute about whether the agreement is unconscionable must be resolved by an arbitrator. *See Jackson*, 561 at U.S. at 72; *see also Danley v. Encore Capital Grp., Inc.*, 680 F. App'x 394, 398 (6th Cir. 2017) (finding the arbitrator must rule on enforceability issues when "as in *Rent-A-Center*, the parties 'clearly and unmistakably' provided for an arbitrator to determine various 'gateway issues' relative to their claims" and the plaintiffs "did not acknowledge their delegation provisions, let alone challenge them"); *Milan Exp. Co. v. Applied Underwriters Captive Risk Assur. Co.*, 590 F. App'x 482, 485 (6th Cir. 2014) (finding parties "manifestly intended to submit the threshold question of arbitrability to the arbitrator" and such agreement is "enforceable like any other contract in accordance with its terms"). This Court, therefore, will not resolve the unconscionability dispute. Instead, it will compel arbitration so the matter can be resolved by an arbitrator.

The only remaining dispute is whether this litigation should be stayed or dismissed pending arbitration. Ms. Hubbell argues that under the language of §3 of the FAA, the case should be stayed. (ECF No. 8). NCR contends that because all of the claims are subject to arbitration, the case should be dismissed. (ECF No. 14). This "Court has discretion to stay or dismiss the instant matter." *Champness v. J.D. Byrider Sys., LLC*, No. 1:14-CV-730, 2015 WL 247924, at *12 (S.D. Ohio Jan. 20, 2015) (citing 9 U.S.C. § 3 (mandating courts to stay proceedings pending completion of arbitration) and *Hensel v. Cargill, Inc.*, No. 9-3199, 199 WL 994775, at *4 (6th Cir. Oct. 1, 1999) (permitting courts to dismiss actions in which all claims are

referred to arbitration)). In its discretion, the Court finds that staying the case would promote judicial efficiency, given the possibility that the arbitrator could find the Arbitration Agreement unenforceable, in which event this litigation may proceed.[2]

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** Defendant's Motion to Dismiss Plaintiff's Complaint and Compel Arbitration (ECF No. 3) and hereby **COMPELS ARBITRATION**. The Motion is denied in so far as it requested dismissal of the case, and the above-captioned case is hereby **STAYED**.

    **IT IS SO ORDERED.**

                        **/s/ Algenon L. Marbley**
                        ALGENON L. MARBLEY
**DATED: June 14, 2018**          UNITED STATES DISTRICT JUDGE

---

[2] The Court notes it is not passing any judgment on the merits of either party's unconscionability arguments.